Sagal-Abad v. Blanche

BIA
Chung, IJ
A216 700 935/936/937/938

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of July, two thousand twenty-six.

PRESENT:
>   RAYMOND J. LOHIER, JR.,
>       *Chief Judge*,
>   GUIDO CALABRESI,
>   MYRNA PÉREZ,
>       *Circuit Judges*.

_____

JORGE GAVINO SAGAL-ABAD,
LORENA LILIANA TENESACA-
GARCIA, ERICK XAVIER SAGAL-
TENESACA, A.V.S.T.,
>       *Petitioners*,

>   v.                                                        **24-443**
>                                                             **NAC**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONERS:          Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:       Brian Boynton, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Rebecca Hoffberg Phillips, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jorge Gavino Sagal-Abad, his partner Lorena Liliana Tenesaca-Garcia, and their two children, natives and citizens of Ecuador, seek review of a January 26, 2024 decision of the BIA affirming an October 7, 2022 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Sagal-Abad*, Nos. A 216 700 935/936/937/938 (B.I.A. Jan. 26, 2024), *aff'g* Nos. A 216 700 935/936/937/938 (Immig. Ct. N.Y.C. Oct. 7, 2022).  We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the

---

[1] We principally refer to Sagal-Abad because his partner and children relied on his claim.

2

BIA.  *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review fact-finding "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo.  *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).  "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. . . ." 8 U.S.C. § 1252(b)(4)(B).

Asylum and Withholding of Removal

Except in the case of changed or extraordinary circumstances, an asylum applicant has the burden to "demonstrate[] by clear and convincing evidence that [his] application has been filed within 1 year after the date of [his] arrival in the United States."  8 U.S.C. § 1158(a)(2)(B), (D).  To establish eligibility for either asylum or withholding of removal, an applicant must show that he suffered past persecution or has a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the persecution.  *Id.* § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard also

3

applies to withholding of removal).[2]  To prevail on a particular social group

claim, an applicant must also establish that the proposed group is cognizable,

which requires a showing that members of the group share "a common immutable

characteristic," that the group is "defined with particularity," and that it is

"socially distinct within the society in question."  *Paloka v. Holder*, 762 F.3d 191,

196–97 (2d Cir. 2014) (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A.

2014)).

The IJ found that Sagal-Abad's application was untimely as to asylum and

that no argument for any exception to the one-year filing deadline had been made.[3]

---

[2]  In arguing that the IJ was required to analyze withholding of removal separately from asylum because withholding has a lower nexus standard, counsel Michael Borja ignores this binding precedent, which we have pointed out in summary orders in other cases he has briefed.  *See, e.g.*, *Chamba-Alvarez v. Garland*, No. 21-6072, 2023 WL 6439401, at *1 n.1 (2d Cir. Oct. 3, 2023) (summary order); *Acero-Guaman v. Garland*, No. 21-6606, 2024 WL 1734054, at *1 (2d Cir. Apr. 23, 2024) (summary order).

[3]  The IJ also specifically pointed out that "counsel did not raise the fact that the two minor Respondents are under the age of 21 and, therefore, that could have been considered as an exception to the one-year filing deadline."  Cert. Admin. R. 48–49.  The IJ explicitly declined to make a ruling on whether the children would be excepted from the filing deadline, noting that "going forward there is a possibility that the Respondents could raise a claim of ineffective assistance of counsel" and that the IJ "will preserve and address the asylum claim should a reviewing court decide that those are valid claims if they are raised before the Board or any other Court."  *See* Cert. Admin. R. 48–49.

4

The IJ also found that he failed to meet his burden for either asylum or withholding of removal because (1) his proposed particular social group related to resisting the Los Lobos gang was not cognizable, and (2) he failed to establish a nexus to his other proposed particular social groups, which were based on family membership and witnessing a crime. The BIA subsequently found that Sagal-Abad waived review of all these findings by failing to address them on appeal. Our review is thus limited to the BIA's waiver findings, as challenges to the IJ's reasoning are unexhausted. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."); *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (when the BIA deems an issue waived and declines to consider it, "this Court's review is limited to whether the BIA erred in deeming the argument waived"). And Sagal-Abad has abandoned any challenge to those waiver findings by failing to acknowledge them here.[4] *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (considering

---

[4] Even if we could reach the merits of the IJ's decision—which we do not—Sagal-Abad has not meaningfully challenged these aspects of the IJ's reasoning: he asserts that there is a nexus to a particular social group of witnesses to crime, but includes only an unsupported and conclusory statement that he witnessed and opposed criminal activity leading to persecution by criminals, and he does not address the IJ's findings regarding timeliness, the cognizability of a particular

"abandoned any claims not adequately presented in an appellant's brief" (quoting *Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997)).

CAT

An applicant for CAT protection has the burden to demonstrate that he will "more likely than not," 8 C.F.R. § 1208.16(c)(2), be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity," *id.* § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene and prevent such activity." *Id.* § 1208.18(a)(7); *see Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) (explaining that acquiescence requires "government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it").

Sagal-Abad's challenges to the denial of CAT relief are meritless. His argument that the IJ erred in requiring a showing of government acquiescence to

---

social group of people who resist the gang, or a nexus to a family-based particular social group. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (finding claim abandoned where the petitioner "devote[d] only a single conclusory sentence to the argument").

his feared abuse by gangs is unexhausted because it was not raised before the BIA and is in any event contrary to the regulatory language set forth above. *See* 8 C.F.R. § 1208.18(a)(1), (7); *Vera Punin*, 108 F.4th at 124. Sagal-Abad otherwise argues, without citation, that the Ecuadorian government was responsible for his abuse because it did not protect him from his attackers, but he does not address the agency's reasoning that he never reported the abuse to the police and did not show that the government was aware of (or willfully blind to) it. *See Khouzam*, 361 F.3d at 171.

Given issues with briefing by counsel Michael Borja, a copy of this order will be forwarded to the Court's Grievance Panel. As noted, the brief omits citations required by Federal Rule of Appellate Procedure 28(a), overlooks binding precedent, raises unexhausted arguments, and fails to address dispositive issues including deficiencies in briefing and waivers identified by the agency.[5]

---

[5] Petitioners may consider moving the BIA to reopen removal proceedings based on Mr. Borja's ineffective assistance of counsel. We express no opinion as to whether this case would warrant equitable tolling of the deadline for filing a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring motion to reopen to be filed no later than 90 days after the final administrative decision); *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) ("[I]neffective assistance of counsel can . . . afford [a non-citizen] additional time beyond the limitations period for a motion to reopen and relieve a petitioner from the numerical bar."). Nor do we express any opinion as to whether, if the BIA reopens proceedings, Petitioners have potentially successful claims for asylum, withholding of removal, or

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

protection under the CAT.

Parties seeking equitable tolling, meaning additional time beyond the 90-day period to file a motion to reopen, must show that (1) counsel's performance was so ineffective that it impinged upon the fundamental fairness of the hearing, and (2) they have exercised due diligence in pursuing their claims.   *See Rashid*, 533 F.3d at 130–31.

In addition, parties pursuing a claim for ineffective assistance of counsel in relation to counsel's representation in removal proceedings must comply with certain procedures laid out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Specifically, they must file the following with the BIA:

> (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the [non-citizen] notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so.

*Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005) (quoting *Esposito v. INS*, 987 F.2d 108, 110–11 (2d Cir. 1993) (per curiam)).

8